**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                                          Case No. 3:10-cr-156-J-34TEM

PAUL MATTHEW SCHMITZ
_____

**ORDER**

This case is before the Court on Defendant Paul Matthew Schmitz's Motion to Suppress Physical Evidence Obtained From A Search Of Defendant's Residence (Doc. 21; Motion to Suppress) and the United States' Response To Defendant's Motion To Suppress (Doc. 26; Response to Motion). The Motion to Suppress was referred to the Honorable Thomas E. Morris, United States Magistrate Judge, to conduct an evidentiary hearing and recommend an appropriate resolution. Accordingly, the Magistrate Judge conducted an evidentiary hearing on the Motion to Suppress on July 27, 2010. See Minute Entry (Doc. 27) and Transcript. (Doc. 30; Transcript). Thereafter, the parties submitted supplemental memoranda (Doc. 32; Government's Supplemental Response; and Doc. 34; Defendant's Supplemental Memorandum).[1] On October 18, 2010, the Magistrate Judge entered a Report and Recommendation (Doc. 41)(the Report) recommending that the Motion to Suppress, as supplemented by Defendant, be denied. See Report at 26. Thereafter, Defendant filed

---

[1] At the evidentiary hearing on the Motion to Suppress, and in his Supplemental Memorandum, Defendant raised additional grounds for suppression. See Transcript at 5-8; Defendant's Supplemental Memorandum at 2-3, 10-25. Thus, the three grounds raised by Defendant, and considered in the Report, were: (1) the consent search of Defendant's home was not lawfully obtained; (2) the Search Warrant Affidavit was invalid; and (3) the Search Warrant Affidavit was insufficient. Defendant's Supplemental Memorandum at 2-3.

1

objections to the Report, see Defendant's Objections To Report And Recommendation (Doc. 45; Objections), and the Government responded.  See United States' Response To Defendant's Objections To Report And Recommendation On Defendant's Motions To Suppress (Doc. 47; Response to Objections).  Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

The Court notes that Defendant's Objections Numbers 1 through 7 to the Report are either objections to the Magistrate Judge's credibility findings regarding the testimony of Columbia County Sheriff Deputy Robert Sands and Defendant's wife Sarah Lynne Schmitz, or conclusions arising out of those same credibility determinations.  Objections at 1-6.  For example, Defendant argues that Mrs. Schmitz's consent to search the Schmitz residence was not given voluntarily. See Objections at 1-3.  Deputy Sands and Ms. Schmitz gave conflicting accounts of the events leading to Ms. Schmitz signing a Permission to Search form, (Doc. 26-1), for Deputy Sands to search her residence.  The determination of whether Ms. Schmitz's consent was voluntary turns squarely on the credibility of these two witnesses, both of whom testified at the evidentiary hearing before Judge Morris.  Similarly, resolution of Defendant's contention that the testimony of Deputy Sands; that he believed the allegations

of the complaining witness, was incredible, turns on the credibility of Deputy Sands.

In deciding whether to reject or accept the magistrate judge's recommendations, a district judge "is not limited to a clearly erroneous standard as [the appeals court is] in [its] appellate review of facts found by the district courts." Louis v. Blackburn, 630 F.2d 1105, 1110 (5th Cir. 1980)[2] (alteration added); but see Ballard v. Comm'r of Internal Revenue, 429 F.3d 1026, 1031 (11th Cir. 2005) (per curiam).[3]  Instead, a district judge retains the power "to hear additional testimony or the same testimony all over again if [she decides] that [it] would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980) (alteration added); United States v. Raddatz, 447 U.S. 667, 680 (1980) ("[A district judge's] broad discretion includes hearing the witnesses live to resolve conflicting credibility claims."); see also Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007) ("[T]he district court may, if it so chooses, conduct its own hearing as a prelude to making a new determination.").  However, if a district court elects to reject a magistrate judge's credibility determinations on critical fact issues, the court must first rehear the disputed testimony. Louis, 630 F.2d at 1110; United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) (per curiam); see also Amlong & Amlong, P.A., 500 F.3d at 1250 ("[A]

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In Ballard the Eleventh Circuit states that "[a] district court must defer to a magistrate's findings unless the magistrate's understanding of facts is entirely unreasonable." Ballard, 429 F.3d at 1031. To the extent Ballard conflicts with Blackburn and United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980), the Court notes that "where two prior panel decisions conflict" the Court is "bound to follow the oldest one." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Regardless, the Court need not resolve this conflict because the undersigned will accept the Magistrate Judge's credibility determinations. As set forth below, the Court can discern no basis in the record to doubt Judge Morris' findings, much less to suggest that the findings are "entirely unreasonable."

district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings."). Indeed, only in the "rare case" where "'there . . . [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis . . . [is] articulated by the district judge'" may the district court reject the credibility findings without rehearing the witness testimony. Cofield, 272 F.3d at 1306 (quoting Marshall, 609 F.2d at 155); Amlong & Amlong, P.A., 500 F.3d at 1250. In contrast, "a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." Cofield, 272 F.3d at 1305 (emphasis added) (citing Raddatz, 447 U.S. 667, 675-76); see also United States v. Powell, __F.3d __, 2010 WL 5250248, at *2-3 (11th Cir. Dec. 27, 2010).

Here, the Magistrate Judge weighed the testimonies of the witnesses, taking into account the interests of the witnesses, considering the consistencies and inconsistencies of their testimonies, and explaining why he chose to believe Deputy Sands' version of events over Ms. Schmitz's account. After de novo review of the transcripts and evidence in this case, the Court will accept the credibility determinations made by the Magistrate Judge. Powell, 2010 WL 5250248, at *3. Indeed, the Court finds nothing in the Objections that undermines its confidence in the findings of the Magistrate Judge, and further concludes that these findings are entirely reasonable and fully supported by the record. Thus, the Court declines to hold an additional evidentiary hearing and will accept the credibility determinations of the Magistrate Judge and the factual findings that flow from those credibility determinations.

In Objection Number 8, Defendant objects to the Magistrate Judge's conclusion that the "[Search Warrant] Affidavit sets forth sufficient facts to establish that a search of Defendant's residence could unearth evidence of a handgun having been used during the alleged assault." Objections at 6-7 (citing Report at 22).[4]  "Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009)(quoting Illinois v Gates, 462 U.S. 213, 238 (1983)), cert. denied, 130 S.Ct. 1315 (2010).  "Where a warrant to search a residence is sought, the affidavit must supply the authorizing magistrate with a reasonable basis for concluding that Defendant might keep evidence of his crimes at his home."  Id. "Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity."  United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).

The Search Warrant, supported by the Affidavit, authorized a search for cannabis, currency, drug paraphernalia, "and/or possession of firearms and ammunition."  Search Warrant at 2; Affidavit at 3.  The Affidavit specifies that the items listed constitute evidence of a felony, "to wit: Fla. Stat. Sec. 893.13, OR Fla. Stat. 790" proscribing possession and/or distribution of cannabis and "[p]ossession of firearm and ammunition by convicted felon." Affidavit at 3.[5]  As explained by the Magistrate Judge, the Affidavit fully disclosed the basis

---

[4] Defendant's Objection Number 9 reasserts and incorporates the arguments made in Defendant's Supplemental Memorandum.  Objections at 7.

[5] Section 790.23, Florida Statutes, makes it unlawful, and a felony, for a person who has been convicted of a felony to own or have in his possession any firearm or ammunition.

for law enforcement's belief that such evidence would be present at the location to be searched and Defendant's connection to the location.[6]  Indeed, Defendant does not object to the Magistrate Judge's finding that the Affidavit, when "taken as a whole," could support probable cause for search of the residence for a firearm in the possession of a convicted felon.  Report at 20-21.  Nor does Defendant assert any objection to the Magistrate Judge's finding that "[t]he search warrant affidavit also provides a nexus for the search for drugs and drug paraphernalia."  Id. at 22.  Even if Defendant is correct that the Affidavit fails to explain a basis for law enforcement to believe Schmitz had returned to his residence with the weapon alleged to have been carried during the assault, ample probable cause supported a Search Warrant authorizing a search of Defendant's residence for cannabis, a firearm and/or ammunition in possession of a convicted felon.  For the reasons stated by the Magistrate Judge, the Court finds that the Search Warrant Affidavit was sufficient to establish that there was probable cause to believe that evidence of the crimes identified in the Search Warrant was present in the residence to be searched.[7]

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, and as supplemented, the Court will overrule the Defendant's Objections, and with the additional analysis contained herein, will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

---

[6]  Notably, law enforcement had observed the jar with cannabis seeds, cannabis and drug paraphernalia as well as the empty holster and firearm ammunition in the residence just hours earlier.

[7]  Notably, Defendant did not object to the Magistrate Judge's application of the good faith exception to the exclusionary rule, Report at 22–24, or the plain view doctrine authorizing discovery of a firearm while police were lawfully in Defendant's residence to execute a search for cannabis.  Id. at 24-26.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Objections to Report and Recommendation (Doc. 45) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 41), as supplemented here, is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress Physical Evidence Obtained From A Search Of Defendant's Residence (Doc. 21), as supplemented by the Defendant, (Doc. 30; Transcript at 5-8; and Doc. 34; Defendant's Supplemental Memorandum at 2-3, 10-25), is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of January, 2011.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:

Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record